**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EUGENIO RIVERA-OLIVERA, *et al.*,<br><br>**Plaintiffs,**<br><br><br>**v.**<br><br><br>ANTARES OIL SERVICES, *et al.*,<br><br>**Defendants.** | **CIVIL NO.** 10-2040 (FAB)<br>(This memorandum and order applies to all cases.)<br>**CIVIL NO.** 10-2059 (FAB)<br>**CIVIL NO.** 10-2063 (FAB)<br>**CIVIL NO.** 10-2070 (FAB)<br>**CIVIL NO.** 10-2077 (FAB)<br>**CIVIL NO.** 10-2088 (FAB)<br>**CIVIL NO.** 10-2097 (FAB)<br>**CIVIL NO.** 10-2105 (FAB)<br>**CIVIL NO.** 10-2202 (FAB)<br>**CIVIL NO.** 10-2214 (FAB)<br>**CIVIL NO.** 11-1206 (FAB)<br>Rel Case:<br>**CIVIL NO.** 09-2092 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On April 19, 2011, the Court ordered the parties to show cause as to why this litigation ("the Antares cases") should not be stayed. (Docket No. 51).  On May 20, 2011, plaintiffs filed a response to the order to show cause. (Docket No. 70.)  On June 20, 2011, co-defendant Astra Oil Company, LLC ("Astra") filed its response. (Docket No. 79.)  On the same date, co-defendant Antares Oil Services, LLP ("Antares") moved to join Astra's response to the order to show cause. (Docket No. 80.)  The Court granted Antares's motion for joinder. (Docket No. 81.)  On June 27, 2011, co-defendant Interek USA, Inc. ("Interek") filed its response. (Docket No. 82.)

**BACKGROUND**

This litigation arises out of an explosion that occurred on October 23, 2009 at the Gulf Oil Facility in Bayamon, Puerto Rico. The litigation has involved related proceedings against a number of other defendants.  See Civil No. 09-2092 (FAB).  On August 13, 2010, defendants Caribbean Petroleum Corporation ("CPC") and Caribbean Petroleum Refining LP ("CPR") (jointly referred to as the "CAPECO Defendants") notified this Court of their filing of a voluntary bankruptcy petition in the United States Bankruptcy Court for the District of Delaware.  (Civil No. 09-2092, Docket No. 494.) The claims against the CAPECO Defendants were automatically stayed because of their bankruptcy petitions.  (Civil No. 09-2092, Docket No. 499.)  On October 25, 2010, this Court granted a motion to stay proceedings against all other parties to that litigation.  (Civil No. 09-2092, Docket No. 533.)

On October 25, 2010, the same date the stay was granted in Civil No. 09-2092, plaintiffs filed a complaint against the defendants in this case.  Significantly, the CAPECO defendants were not included.  The Court has requested that the parties submit arguments regarding why these cases, like the related proceedings in Civil No. 09-2092, should not be stayed.  For the following reasons, the Court **GRANTS** the motion to stay the proceedings in the Antares cases.

**DISCUSSION**

The Court considers whether the proceedings against the defendants to this litigation may proceed in light of the automatic stay issued for the CAPECO Defendants due to their notice of filing bankruptcy.  <u>See</u> 11 U.S.C. § 362(a) (filing of bankruptcy compels an automatic stay of proceedings against the debtor.)  Plaintiffs argue that a stay is not warranted for the following reasons: (1) the automatic stay applies only to debtors and this Court does not have jurisdiction to extend the stay to non-debtors, (2) the Antares cases will have no effect on the debtor's ability to reorganize since the bankruptcy court has approved a Plan of Liquidation for the debtors, (3) the liability of the defendants is not derivative of the debtor's liability, and (4) the plaintiffs' rights will prejudiced by the granting of a stay.  (Docket No. 70.) Defendants Astra Oil Company, LLP ("Astra"), Antares Oil Services, LLP ("Antares"), and Interek USA, Inc. ("Interek") argue that this Court should extend the stay against them under the inherent power of the Court, or alternatively, by finding that "unusual

circumstances" exist that would warrant staying proceedings against non-bankrupt defendants under § 362(a)(1).[1]

As an initial matter, the Court notes that, for the reasons explained above, issuing a stay against non-debtor defendants in this case is well within its jurisdiction. "Courts have extended the stay to non-debtor third parties when 'unusual circumstances' exist, such as when '(i) the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization.'" In re Bora Bora Inc., 424 B.R. 17, 27 (Bankr. D.P.R. 2010) (internal citations omitted) (holding that unusual circumstances did not exist where there was no basis for

---

[1] See Landis v. North American Co., 299 U.S. 248, 254-55 (1963) (the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" by "exercise of judgment, which must weigh competing interests and maintain an even balance."); see also Austin v. Unarco Industries, Inc., 705 F.2d 1,5 (1st Cir. 1983) (the automatic stay provisions of § 362 "apply only to the bankrupt debtor" and "[c]ourts that have come to a different conclusion do not appear to have done so on the basis that § 362 requires such a result, but rather that additional considerations warrant a stay as to all defendants." (internal citations omitted)); A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986) (unusual circumstances arise "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.")

the court to conclude that the identities of the debtor and the third party were "so intertwined that a suit against [the third party] is essentially a suit against the Debtor, or that a judgment against [the third party] would in effect be a judgment against the Debtor . . . "). A stay of an action against non-debtor parties is also appropriate "when such action is interfering improperly with the purposes of the Bankruptcy Case." Id. at 23-24.

Defendants argue that "unusual circumstances" exist here because plaintiffs' suit is directly related to the CAPECO casualty, and because the CAPECO Defendants' participation is necessary for the proper adjudication of claims. Defendant Astra further argues that it is seeking indemnity/contribution from the CAPECO Defendants with respect to any liabilities arising from the casualty, which should qualify as an "unusual circumstance" and thus result in a stay of proceedings against the non-bankrupt defendants. (See Docket No. 79.) Moreover, defendant Intertek notes that as part of the Fourth Amended Joint Plan of Liquidation approved by the bankruptcy court, a mechanism for the resolution and liquidation of claims has been established (the Claims Administration Procedure), and that a number of defendants and plaintiffs in this and consolidated actions have filed proofs of claim against the debtor relating to the CAPECO casualty in the bankruptcy court. (Docket Nos. 82 at 3-4; 82-1.) In sum,

defendants argue that "unusual circumstances" warranting a stay exist because the claims asserted in the present case are "inextricably intertwined" with the claims that are the subject of the Claims Administration Procedure established by the bankruptcy court to deal with the debtors' liquidation, and that allowing proceedings to go forward in this Court would negatively impact the debtors and the bankruptcy estate.  (Docket No. 82 at 5.)

The Court finds defendants' arguments availing, even though debtor CAPECO is liquidating its assets instead of reorganizing, because the process established by the bankruptcy court allows third parties to submit proofs of claim for indemnification or contribution against CAPECO, and because certain defendants in this case have submitted or will submit such claims against CAPECO, a judgment against non-debtor defendants in this case may very well constitute judgment against the CAPECO debtors, which in turn could negatively impact the liquidation process, "interfering improperly with the purposes of the bankruptcy law." Bora Bora, 424 B.R. at 23-24.  Pursuant to 11 U.S.C. § 105, the Court has "general equity power to stay litigation that could interfere with the reorganization of the debtor." In re A.H. Robins Co. Inc., 828 F.2d 1023, 1025 (4th Cir. 1987) (finding that district court's denial of motions to lift stay against third-party defendants were appropriate even when plaintiff agreed to limit their discovery not

to interfere with debtor's rehabilitative process because "third party [defendants] would inevitably be required to put a burden on the debtor in order to defend against the plaintiffs.")  Plaintiffs have offered no evidence to suggest that the liquidation process would not be affected by proceedings in this case; in fact, defendants have established that their liability may be derivative of debtor CAPECO's liability.  The Court further finds that the prejudice that would issue to the bankruptcy estate and to the CAPECO debtors if proceedings in this case were allowed to move forward would outweigh any prejudice to plaintiffs caused by a stay of the current proceedings in this Court.  As a final matter, the Court notes that the parties may seek relief from the stay before

the bankruptcy court, which retains the authority to lift the stay or enforce it.[2]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to stay proceedings against all parties to this litigation pursuant to further instructions from the bankruptcy court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 7, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[2] See A.H. Robins Co., 788 F.2d at 1003 ("Beyond these statutory powers under section 362 and section 105 to enjoin other actions whether against the debtor or third-parties and in whatsoever court, the bankruptcy court under its comprehensive jurisdiction as conferred by section 1334, 28 U.S.C., has the 'inherent power of courts under their general equity powers and in the efficient management of the dockets to grant relief' to grant a stay."(internal citations omitted)); See Austin, 705 F.2d at 5 (affirming bankruptcy court's decision that "the automatic stay provisions of 11 U.S.C. § 362(a) apply only to the bankrupt debtor."); See In re Bora Bora Inc., 424 B.R. at 23-24 (Bankr. D.P.R. 2010) (noting that "[T]he power of the bankruptcy courts to enjoin certain actions not subject to the automatic stay, such as an action against non debtor parties, has been recognized, when such action is interfering improperly with the purposes of the bankruptcy law or the debtor's reorganization efforts" and evaluating whether to extend an automatic stay under both 362(a) and 105(a).)